**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BUDHIJANTO SUKIRDJAN, | No. 11-70283 |
| Petitioner, | Agency No. A096-203-771 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2013[**]

Before: FISHER, GOULD, and BYBEE, Circuit Judges.

Budhijanto Sukirdjan, a native and citizen of Indonesia, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the agency's finding that Sukirdjan failed to demonstrate extraordinary circumstances sufficient to excuse the delay in filing his asylum application. *See* 8 C.F.R. § 1208.4(a)(5). Accordingly, we deny the petition as to Sukirdjan's asylum claim.

Sukirdjan testified to mistreatment in Indonesia, including harassment, students throwing rocks at his middle school, jumping off a bus and suffering minor injuries, and the theft of his brother's motorcycle. The record does not compel the conclusion that Sukirdjan's experiences, even considered cumulatively, amount to past persecution. *See Wakkary*, 558 F.3d at 1059-60 (being beaten by youths, robbed of sandals and pocket money, and accosted by a threatening mob did not compel a past persecution finding); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1181-82 (9th Cir. 2003) (harassment, threats, and mistreatment since early childhood and beating resulting in facial bruises and two broken ribs did not compel a past persecution finding). Thus, contrary to Sukirdjan's contention, he is not entitled to a presumption of future fear. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003). Further, substantial evidence supports the agency's

determination that, even under a disfavored group analysis, Sukirdjan has not established it is more likely than not he will be persecuted if returned to Indonesia because he has not demonstrated sufficient individualized risk. *See Hoxha*, 319 F.3d at 1185; *Wakkary*, 558 F.3d at 1066 ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence"). Accordingly, Sukirdjan's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Sukirdjan failed to establish it is more likely than not he will be tortured by, at the instigation of, or with the consent or acquiescence of a public official or other person acting in an official capacity in Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

We reject Sukirdjan's arguments that the agency failed to properly evaluate his claims.

**PETITION FOR REVIEW DENIED.**

11-70283